129    303
132    529
133    378
133    381

129    303
136    284

129    303
140    650

GEORGE ARRISON, ET AL., Plaintiffs and Appellees, v. THE SUPREME COUNCIL OF THE MYSTIC TOILERS, Defendant and Appellant.

**Actions:** WHEN PREMATURE. An action against a beneficial association for benefits which are not by the terms of its certificate then due is premature, and a denial of liability will not operate to mature the right of action.

**Beneficial insurance:** SUSPENSION OF MEMBER: REINSTATEMENT: HEALTH STATEMENT: EVIDENCE. Where a member of a beneficial society has paid all assessments before due and is in good standing, the association cannot rightfully demand a health certificate as a condition of reinstatement; and if one is furnished under such circumstances the association cannot rely on any false statements contained therein for the purpose of defeating an action to compel an assessment to pay a loss under the certificate.

Evidence reviewed and held to show the member in good standing rendering statements in the health certificate immaterial.

**Proof of Loss:** WAIVER. Where a fraternal insurance society denied liability on its certificate on the ground of a forfeiture of the certificate, its requirement of proofs of loss was waived.

**Appeal:** RIGHTS OF PARTY NOT APPEALING. Where a party has not appealed from a decree he cannot complain in the supreme court of the judgment rendered in his favor.

*Appeal from Linn District Court.*— HON. J. H. PRESTON, Judge.

THURSDAY, JANUARY 11, 1906.

SUIT in equity to compel defendant to levy assessments to pay the amount of two benefit certificates issued to one Henrietta Arrison by the defendant, a fraternal benefit society. Many defenses were interposed, which we shall notice in the body of the opinion. The trial court granted the

relief prayed, and defendant appeals.    Modified and affirmed.

*Sager, Sweet & Cooper* and *Clements & Lamb,* for appellant.

*Heins & Heins* and *C. G. Watkins,* for appellees.

DEEMER, J.— There are provisions in the certificate of membership or articles and by-laws of the defendant company which are made a part of the certificates by reference, for funeral benefits and for a monument fund, in addition to the promised indemnity in case of death.    These provisions are set out and were fully considered in *Sleight v. Supreme Council of Mystic Toilers,* 121 Iowa, 724.

The member died January 27, 1901, but proofs of death were not made until July 17th, and this action was commenced August 16th of the same year.    The monument benefit was not due until six months after proofs of death were filed; hence the action for these benefits was prematurely brought.    Denial of liability on the part of the defendant did not, under our rule, mature them. This point is ruled by the Sleight Case, *supra,* adversely to plaintiffs' contention.    The trial court erroneously allowed monument benefits.    Plaintiffs in other respects failed to bring themselves within the provisions as to monument benefits for the same reasons as suggested in the case just referred to.

1. ACTIONS: when premature.

II.    As to funeral and death benefits, the case turns upon two propositions:    First, was Mrs. Arrison in good standing at the time of her death ? and, second, did she make such misrepresentations in a health certificate signed by her as a condition to reinstatement for failure to pay her assessments in time, as will defeat this action ?    In so far as this particular case is concerned, these two questions

2. BENEFICIAL INSURANCE:. suspension of member: reinstatement health statement: evidence.

are really one; for, if the member was in good standing at the time she died, having paid all the assessments levied against her within proper time, the health certificate will be out of the case, for, if it was not required of her, the fact that she furnished it and that it was false will not defeat the claims of her beneficiaries under the certificate. *Sieverts v. Association,* 95 Iowa, 710. On the other hand, if she was rightly required to make the certificate, then, even if she paid all subsequent assessments and was in good standing, in that she had made all the contributions which might lawfully have been required of her, defendant, in the absence of some theory of waiver or estoppel may rely upon the misrepresentations made in the health certificate. It so happens in this case that, if the health certificate was unjustifiably demanded, the member was in good standing at the time of her death. On the other hand, if defendant had the right to demand it, then the member was not in good standing, and that is the end of the case.

Parenthetically, we may say that there is no doubt of defendant's claim that the member made many and serious material misrepresentations in this health certificate, and, if the case depended upon this issue alone, we should have no difficulty in finding for defendant. But defendant cannot rely upon this, unless it was in position to insist upon the member furnishing it. On the other hand, when we go to the question of the payment of assessments we find defendant's records in a very uncertain and confused state. Some of them were made on the eve of trial, and some during the trial of the case; and they do not in all cases correctly state the facts. Moreover, defendant's witnesses, while on the witness stand, did not speak with frankness and without reserve; but were many times justly rebuked by the trial court for their equivocation and evident purpose to conceal the true facts.

Some things, however, are clearly shown. Among others, it appears that according to the receipts sent the

member for assessments, dues, etc., she was at no time delinquent. She had, not only during life, but at the time of her death, paid all that could rightfully be demanded of her within the time specified by defendant's plan of insurance. So that defendant is in court with the record evidence against it, which it attempts, it is true, to explain away; but, as we have said, in attempting to make this explanation its witnesses did not speak with frankness. Moreover, it is admitted that the deceased member, or some one representing her, paid the defendant five assessments, one of which we do not and need not consider; and the primary question is: Is this all that she should have paid under her agreement with defendant when she became a member? If she became a member before March 1, 1900, then it is practically conceded that she has not paid all her assessments, and was not only delinquent at the time of her death, but defendant may rely upon the misrepresentations in the health certificate furnished by her, for it had the right in such event to demand the same. It is alleged in the petition that she became a member in February, and this was admitted in defendant's answer. But, as time was not a material allegation in the petition, this statement with the admission is not conclusive. Code, section 3613. Time became material only when defendant pleaded forfeiture of the certificate for nonpayment of assessments, and the misrepresentations contained in the health certificate. As to this there was not only no admission, but an express denial of the statement in the answer that plaintiff had not paid all the assessments required of her. The case was tried on the theory that plaintiff did not become a member of the defendant society until after March 1st; and, even if we were not entirely correct on the question of pleading, we should not reverse the case, in view of the manner in which it was presented to and tried in the district court. Had the question been raised in that court plaintiffs might have amended, if they had minded to do so, and thus have corrected the fault.

The first inquiry of fact, then, is: When did Mrs. Arrison become a member? The certificate of membership bears date February 19, 1900, but the evidence shows that she was not admitted to membership in the local lodge, did not receive the certificate, and did not make the first payment required of her until March 3, 1900. On the back of the certificate is an indorsement to the effect that she was admitted to the local lodge March 3, 1900. By the terms of defendant's constitution and by-laws the certificates did not take effect, nor did defendant become liable thereon, until the member was initiated into the local society, and had taken the required obligations prescribed by the ritual, and not until the delivery of the certificate to the member. It is apparent, therefore, that Mrs. Arrison did not become a member until March 3, 1900. It was also provided in defendant's articles that the applicant, before entering the lodge room, should deposit the amount of an assessment, a certificate fee, one quarterly per capita tax, and subordinate council dues. This the applicant in this case did on the 3d day of March, 1900. In the face of this record there is no doubt that Mrs. Arrison did not become a member until March 3, 1900. At that time, she, in compliance with the rules of the society, among other things paid one advance assessment. At the time of her admission into the society, two assessments had been made by defendant to meet losses and other claims for the year 1900; one on policies in force February 1, 1900, and the other on policies in force March 1, 1900. Mrs. Arrison was not required to pay either of these assessments, for the plain reason that she did not become a member until after March 1st. She was required by the rules of the society to pay one advance assessment, and defendant's general plan and scheme provided for the payment of advance assessments. The payment made by Mrs. Arrison in this case must have been of assessment No. 3, in advance of its call. One of defendant's officers, while on the witness stand, said that the society waived assessment No. 2 from

Mrs. Arrison; but the truth is that it was not entitled to do it, and it is perfectly clear that the advance assessment which she paid must have been No. 3.    The resolution making assessment No. 2 expressly provided that it was upon members holding certificates on March 1, 1900.    Thereafter assessments Nos. 3, 4, and 5 were called by the society, No. 3 on July 23d, No. 4 on September 22d, and No. 5 on November 21, 1900.    Mrs. Arrison paid one assessment on April 28th, two on November 3d, and on January 24, 1901, some one paid another for her, about which there is some dispute.    These, in addition to the one paid in advance, represent the assessments paid by her while she was a member of the defendant society.    As she commenced paying in advance, it will be observed from the dates above given that at no time was she in default.    In fact, she paid all her assessments in advance, and before they were due.    In other words, she was subject to and liable to pay assessments Nos. 3, 4, and 5 of the year 1900.    This she did, and within the time provided by defendant's articles and by-laws; and she was at no time in default.    Therefore no health certificate could rightfully be demanded from her.

Moreover, as we have already said, Mrs. Arrison held receipts from defendant society for all assessments which defendant now claims she was liable for; but defendant says there is a mistake in the numbering of these receipts.    We have gone over the testimony on this proposition, and are not satisfied that there was any such mistake.    The records kept by defendant, and the receipts issued by it, all show that deceased was a member in good standing at the time of her death, and that the health certificate was wrongfully demanded.    Defendant's officials were very negligent in the keeping of their books and other papers; indeed, they did not make some of them until the case came on for trial.    They are manifestly unreliable, and should not be given controlling importance. ` We shall not say more on this point.    Mrs. Arrison was in good standing at the time of her death, and

defendant is in no position to rely upon the misrepresentations in the health certificate.

III.   Defendant contends that Mrs. Arrison became delinquent on assessments levied for the months of August and October, 1900, and that in November she made application for reinstatement on account thereof, which application was accompanied by the health certificate relied upon.   As we have seen, the member was not in default in paying these assessments.   She paid the same in advance, as she had the right to do under the provisions of defendant's articles.   But, if we assume that the advance assessment paid by the member was for No. 2, we find that she holds receipts for assessments 3, 4, and 5, which were all that she was liable for in any event.   Assessment No. 3 was reported paid April 28th, and 4 and 5 on November 3d, and the receipts given for the assessments bear these dates.   But defendant says there was a mistake made in the numbering of these receipts and that all the member paid was assessments 2, 3, and 4; one of them being neglected so long that a health certificate for reinstatement was required.   The testimony on this point is very inconclusive and unsatisfactory.   In order to so find we must entirely eliminate defendant's receipt for assessment No. 3 under date of April 28, 1900, and this we are not justified in doing.   So that under no theory of the case was the member delinquent.   Much more might be said on this branch of the case, but we have said enough to indicate our views on the proposition involved, and are not justified in further extending this opinion.

IV.   On account of defendant's denial of liability, plaintiffs were not required to furnish the proofs of loss required by the articles and by-laws.  · They did furnish what

. 3. PROOF OF
LOSS: waiver.
were treated as sufficient, and this is all that was required of them.

V.   Plaintiffs do not appeal from the decree, which ordered an assessment upon all members of the association on January 27, 1901, the date of Mrs. Arrison's death, for the

purpose of meeting the indemnity promised by the certificates in suit. They say in argument that they should have had judgment for the full amount of the certificates; but not having appealed, they are in no position to insist upon the proposition. Defendant does not complain of the decree in this respect.

*4. APPEAL: rights of party not appealing.*

VI. There are other reasons why defendant should not be heard to dispute the validity of the certificates and to deny liability thereunder, which need not be discussed, for what we have already said disposes of the case.

The court was in error in allowing monument benefits, and in this respect the decree must be modified. In all other respects it should be affirmed. The case will be remanded to the district court for this modification. Appellees' motion to strike arguments need not be considered. Appellant will pay all the costs of this appeal.— *Modified and affirmed.*