## BERG *v.* JOHNSON.

Opinion delivered June 23, 1919.

1. TRIAL—TRANSFER OF CAUSE TO EQUITY.—Transfer of an action of ejectment to equity cannot be defended upon the ground that there is a defect in a sheriff's deed relied upon by defendant in that it recites the sale to have been made by the officer after the return day of the writ and that reformation of the deed was nec-

essary where the pleadings do not show such error nor contain a prayer for reformation.

2. SAME—TRANSFER OF CAUSE TO EQUITY.—A deed which transfers land to two parties by their surnames merely conveys the legal title to them, which entitles them to sue at law, and it was error to transfer an action of ejectment to equity because the deed did not give their Christian names.

3. SAME—TRANSFER OF CAUSE TO EQUITY.—It was not ground for transfer of an action of ejectment to equity that a tax deed under which defendant claimed erroneously named the grantee therein in the acknowledgment as the party acknowledging the deed, instead of the name of the grantor, where it was clear that the deed was duly executed and acknowledged by the grantor.

4. SAME—TRANSFER TO EQUITY.—An action of ejectment was improperly transferred to equity on defendant's motion where plaintiff based her right of action on a legal title to the land and sought only a legal remedy, and defendant offered no equitable defense except the plea of laches, which is not available if no equitable relief was sought in the complaint.

5. PLEADING—ADMISSION.—An allegation in a complaint in ejectment that defendant has been in unlawful possession of the land for two years past is not an admission that the possession was adverse or under claim of ownership under a tax deed, and therefore does not show affirmatively that plaintiff's right of action is barred.

Appeal from Clay Chancery Court, Western District; *Archer Wheatley,* Chancellor; reversed.

*F. G. Taylor,* for appellant.

1. The court erred in transferring the cause to the chancery court, and

2. The court erred in its findings and decree. The exception to the muniments of title that the sale was made to a partnership and that the Christian names of each partner are not mentioned is fully and clearly settled in 65 Ark. 503. It is also settled in the agreed statement of facts, and the decree of the chancery court in February, 1880, term. The exception to the sheriff's deed is controlled by Kirby's Digest, § 3298.

3. The statute of limitations does not affect plaintiff's claim. 105 Ark. 309. Title by adverse possession cannot be built up against a married woman. Kirby's

Digest, § 5056; 73 Ark. 221; 64 *Id.* 412; 62 *Id.* 316; 42 *Id.* 305.

4. The doctrine of laches does not apply, as this was ejectment, and plaintiff was asking no equitable relief whatever. 70 Ark. 371; 94 *Id.* 122; 67 *Id.* 320; 108 *Id.* 248; 89 *Id.* 19; 133 *Id.* 441.

5. The tax sale under which defendant claimed was absolutely void, as the levy of taxes in the two districts of Clay County was not uniform throughout the county. 57 Ark. 554.

6. See also as the exceptions to title, 9 Am. & E. Enc. Law, 134, and note 1; 2 Black on Judgm., § 607; Freeman on Judg., § 416; 17 How. (U. S.) 577.

7. Proof of possession without showing how or by what act maintained is not evidence of adverse possession. 40 Ark. 366. The burden of proof is on the person who claims by adverse possession. 61 Ark. 464; 65 *Id.* 422; 76 *Id.* 109; 82 *Id.* 51; 110 *Id.* 571; 117 *Id.* 579; 130 *Id.* 445; 126 *Id.* 86.

*G. B. Oliver,* for appellee.

1. There was no error in transferring the cause to chancery. The sheriff's deed was to Hecht & Bro., which conveyed only an equitable title, and will not sustain ejectment. 36 Ark. 456; 68 *Id.* 150; 60 *Id.* 561; 92 *Id.* 63; 30 Cyc. 431 (5).

2. The decree is right, because (1) the complaint alleges that defendant is in possession *"and has been for two years past"* by reason of a sale of the land for taxes, and the deed is good on its face and therefore at least color of title. It was therefore unnecessary for defendant to offer any evidence on this point. If the suit had been tried at law the court must have instructed a verdict, as the action was barred by adverse possession for two years. The two years' statute was against married women. 53 Ark. 418; 71 *Id.* 117. In fact, in both law and equity a demurrer to the complaint on the ground that it showed on its face that the cause of action was barred by limitation would have been sus-

tained. 28 Ark. 27; 112 *Id.* 572; 31 *Id.* 684; 34 *Id.* 164; 49 *Id.* 253; 108 *Id.* 219; 116 *Id.* 219; 116 *Id.* 223; 92 *Id.* 522. (2) A trial in a court of law must have resulted in a verdict for defendant for another reason. Plaintiff claimed title by descent from her father, Samuel Hecht. The answer denies that, and her grantees are the heirs of Samuel Hecht. Before she can take by descent from him she must prove marriage of Samuel Hecht and her mother. Warvell on Ejectment 412, § 380; 14 Cyc. 16 (3); 15 *Id.* 16 (d); Kirby's Digest, § 2638.

3. Plaintiff is barred by laches. 120 Ark. 249; 85 *Id.* 372. She was in effect seeking a reformation of her deed so as to show the tax sale was on June 21st and not on the 24th. 108 Ark. 248.

McCULLOCH, C. J. Appellant instituted this action against appellee in the circuit court of Clay County to recover possession of a tract of land containing 80 acres in that county, alleged to be in the unlawful possession of appellee. The cause was transferred to the chancery court over the objection of appellant, and proceeded to a final decree in favor of appellee.

Appellant's chain of title runs as follows: The land was purchased from the State of Arkansas in July, 1872, by a copartnership composed of P. H. Young, James Surridge and Joseph T. Fisher, and was, in the year 1877, sold under execution against said purchasers, and at the execution sale was purchased by Hecht & Brother, a copartnership composed of Levi Hecht and Samuel Hecht. Upon the expiration of the statutory time for redemption the sheriff of Clay County executed a deed pursuant to the sale, which purported to convey the land to the copartnership by that name without specifying the individual names of either of the partners. Samuel Hecht died intestate, leaving appellant and other children as his heirs at law, and in a partition suit between said heirs and Levi Hecht the tract in controversy was allotted to the heirs of Samuel Hecht. The other heirs of Samuel Hecht conveyed their interests to appellant.

Appellee claims title under a tax sale in the year 1889, at which sale J. M. Stephens became the purchaser. Stephens conveyed the land in the year 1893 to H. H. Williams and Williams conveyed to appellee by deed dated November 28, 1913. This action was begun on December 15, 1915.

The first question presented is whether or not the circuit court erred in transferring the cause to the chancery court. The ruling of the court in transferring the cause is defended by learned counsel for appellee, first, on the ground that there is a defect in the sheriff's deed under the execution sale in that it recites the sale to have been made by the officer after the return day of the writ, and that a reformation of the deed so as to show the true date of the sale is essential to appellant's cause of action for the recovery of the land. The answer to this contention is that the pleadings do not show any defect in the sale with respect to the sale being made after the return day of the writ, and there is no prayer for equitable relief. There was an amendment to the complaint substituting a new copy of the sheriff's deed and alleging that the copy originally exhibited contained the wrong date, but it is not alleged that there was any error in the recitals of the deed concerning the date of sale, nor is there any prayer for reformation.

Next, it is urged that the sheriff's deed of conveyance to the copartnership under that name (Hecht & Brother) without specifying the individual names of either of the partners conveyed only the equitable title and that it was essential to appellant's cause of action for the case to be transferred to equity so that the deed could be reformed. Again, it may be said in answer to this contention that there was no prayer for a reformation, nor was that essential to appellant's right of action for the reason that the deed conveyed the legal title to the copartner whose surname was stated, and the subsequent partition suit settled the rights of all other parties who had an equitable interest. In *Percifull* v. *Platt*, 36 Ark. 456, it was decided that a deed to a partnership

under the firm name which expressed the surname and initials of one of the copartners operated as a conveyance of the legal title to the copartner so named, and in *Cole* v. *Mette,* 65 Ark. 503, it was held that a conveyance to a copartnership under the firm name which expressed the surnames, but not the Christian names nor initials of the copartners was sufficient to convey the legal title to both of the copartners. In disposing of that question in the case of *Cole* v. *Mette,* the court approved the case of *Fletcher* v. *Mansur,* 5 Ind. 267, where it was held that "a deed to one person, describing him by his surname only, is not for that reason void."

In the present case only the surname of one of the partners was stated in the conveyance, and under the doctrine of the cases just referred to that was sufficient to convey the legal title to him. It became just a question of identification, and the only difference between this case and the case of *Cole* v. *Mette* is a matter of degree of proof of identification, it being said in the opinion in that case that the fact that the surnames of both of the partners being mentioned afforded better means of identification than where the name of only one of them was mentioned. It is clear, therefore, that appellant showed in her pleadings a legal title to the land and the right to immediate possession, and was entitled to sue at law.

It is further contended that appellee set up sufficient grounds in his answer to justify the transfer of the cause to equity, in that the original tax deed under which he claimed was imperfect because the name of the clerk of the court was not specified in the certificate of acknowledgment. W. E. Spence was the county clerk who executed the deed and J. M. Stephens was, as before stated, the purchaser. The deed was in the form specified by statute and mentioned the name of the grantee and the name of the officer who made the conveyance. The certificate of acknowledgment followed the form specified in the statute, but erroneously mentioned the name of the clerk as "W. E. Stephens." It was certi-

fied, however, that the party who appeared and executed the conveyance was the clerk of the county court, who was personally known to the officer, and acknowledged that he executed the conveyance "as clerk of the county court of said county." The only error in the certificate of acknowledgment was in stating the name of the clerk, and this was an obvious clerical error, which did not defeat the conveyance, for it is clear from the deed and acknowledgment that the deed was executed by W. E. Spence as clerk of the county and was duly acknowledged by him before the officer.

There was no grounds for transferring the cause to the chancery court, as appellant had based her right of action on a legal title to the land and sought only a legal remedy, and appellee offered no equitable defense, except the plea of laches, but that plea was not available where no equitable relief was sought in the complaint. *Rowland* v. *McGuire,* 67 Ark. 320.

It is insisted that the complaint and one of the exhibits show affirmatively that appellant's right of action was barred by limitation, and that for that reason the error in transferring the cause to chancery was harmless. An examination of the record, however, does not sustain that contention. The complaint sets out appellant's chain of title and contains an allegation that appellee "is in the unlawful possession of said lands and has been for two years past." The complaint contains no allegation with respect to the character of appellee's possession except that it is unlawful. It is not alleged that the possession was adverse or that it was held under any claim of ownership under a tax deed, or otherwise. It is true there was an affidavit filed with the complaint which was made by appellant's attorney stating that "she is informed and believes" that appellee claims the land in controversy "by reason of a sale of said land for the taxes on the same" and that appellant had tendered to appellee "a sum of money equal to the amount of taxes and costs first paid for said land with interest thereon from the date of payment thereof and the amount of

taxes paid thereon by the purchaser subsequent to such sale, with interest thereon, and the value of improvements made on such land.'' The affidavit does not recite the date of the tax sale or deed, nor does it contain any allegation that appellee was in possession under a tax deed. The affidavit does not constitute a part of the pleadings in the case, but, even if it were so treated, it is not sufficient to show on its face, either by itself or in connection with the allegations of the complaint, that appellee occupied the premises adversely for two years under a tax deed. For that reason it is not correct to say that the complaint shows affirmatively that appellant's right of action is barred. It is undisputed that appellee claims the land under a tax deed, but the testimony does not show beyond controversy that there was an adverse holding under that deed for two years before the commencement of this action. The allegation in the complaint with respect to the unlawful possession of appellee for two years before the commencement of the action was not necessary, so far as the length of time of said possession was concerned, to a statement of appellant's cause of action for the recovery of the land, and was included merely for the purpose of setting forth the facts upon which a recovery of the rents and profits could be based. On the trial of the action it would operate as an admission on the part of appellant as to the length of time appellee had been in possession, but she is not conclusively bound by the allegation so far as it relates to appellee's plea of the statute of limitaions. Appellant was entitled to a trial by jury in a court of law on the issue raised by appellee's plea of the statute of limitations, and this privilege was denied by the transfer to equity.

The decree is therefore reversed, and the cause is remanded with directions to remand the cause to the circuit court for further proceedings not inconsistent with this opinion.