MARGARET E. RUSSELL, JAMES MILNE, MARTHA TAYLOR, ROSETTA LEE DILL, DAVID HENRY MILNE, CORA E. STANLEY, HOMER H. MILNE, GRACE MILNE MCCARTHY, ARTHUR B. MILNE, RALPH N. MILNE, T. CARL MILNE, ARCHIBALD BUCKLESS, HERBERT T. CHASE and FLORENCE T. CHASE, Appellants, v. CHARLES C. NELSON and CHARLES HENRY LAMB. — 295 S. W. 118.

Division One, May 24, 1927.

**1. WILL: Right to Contest: Interested Party: Demurrer to Petition.** Under the statute (Sec. 525, R. S. 1919) no person who is not "interested in the probate" of a will can contest it, and that means that such person must have a direct financial interest which would be benefited by setting the will aside, and if the petition on its face shows that the contestants have no such interest the court is authorized to sustain a demurrer to it.

**2. ——: ——: ——: Kindred of First Husband.** Under the statute (Sec. 305, R. S. 1919) the kindred of the first husband of testatrix, who later married a second husband who likewise predeceased her, have no such interest in her property as authorizes them to contest the probate of her will, by which she devised and bequeathed her property to others and died leaving her surviving no child or descendant, or father or mother, or brother or sister or their descendants, and no paternal or maternal kindred capable of inheriting. The word "husband" in said statute cannot be construed to mean "husbands" under the statute (Sec. 7055, R. S. 1919) declaring that "when any subject-matter, party or person is described or referred to by words importing the singular number several matters and persons shall be deemed to be included." The words of Section 305 that "if there be no children . . . the whole shall go to the kindred of the husband of the intestate, in like course as if said husband had survived the intestate, and then died entitled to the same," have no application where, after the death of a first husband, his widow married again, and after the death of her second husband died leaving a will by which she gave her property to others. The word "husband" cannot be so pluralized as to include both husbands.

3. ———: **Contest by Kindred of First Husband: By Amendment Bringing in Kindred of Second Husband: Barred by Time: Demurrer.** The kindred of the first husband of testatrix having no such interest as authorized them to contest her will, an amended petition bringing in the kindred of her second husband, who also predeceased her, is likewise subject to demurrer where it was filed more than a year after the will was probated, because the same pleading that brings in the kindred of the second husband shows that the kindred of the first husband have no cause of action. The amended petition stated a new cause of action, which was barred by statute, and the amendment cannot so relate back to the date of filing the unauthorized original petition as to save it from the limitation bar.

4. **PLEADING: Amendment: Barred Plaintiffs: Relation to Date of Filing.** If the plaintiffs in the original petition had no such interest in the property as authorized them to maintain the suit, the filing of an amended petition by bringing in other plaintiffs whose cause of action is already barred does not relate back to the date the original petition was filed and thereby save their cause of action from the bar of the statute. The petition of the kindred of the first husband to contest the probate of the will of testatrix being subject to demurrer, because they have no such interest in the bequeathed property as authorizes them to maintain the suit, an amended petition by which the kindred of the second husband, who likewise predeceased testatrix, are brought in as plaintiffs, is likewise subject to demurrer, if filed more than one year after the will was probated. The filing of the amended petition does not relate back to the date of the filing of the unauthorized original petition, nor can the cause of action of the plaintiffs brought in by the amendment be thus saved from the bar of the statute.

5. ———: ———: ———: ———: **New Cause of Action: Limitations.** If the cause of action of the plaintiffs brought in by an amended petition is a new cause of action, wholly distinct and entirely separate from the claim of the plaintiffs in the original petition, who have not and cannot have a cause of action, by amendment or otherwise, and the cause of action of the new plaintiffs in the amended petition is barred by the statute of limitations at the time it is filed, the amended petition cannot be made to relate back to the date of the filing of the original petition so as to save it from the bar of the statute.

6. ———: ———: ———: **Waiver.** Where the record fails to show that defendants were given opportunity to object, by service of timely and definite notice, to an application to file an amended petition, but does show that their demurrer thereto was filed and argued and the cause submitted without objection by plaintiffs, it will not be held that defendants, by permitting, without objection, an amendment bringing in additional plaintiffs, waived their right to have their demurrer sustained on the ground that the cause of action stated in the amended petition is barred by limitations.

---

Corpus Juris-Cyc. References: **Limitations of Actions,** 37 C. J., Section 501, p. 1065, n. 70; Section 511, p. 1074, n. 30. **Pleading,** 31 Cyc., p. 463, n. 95 New; p. 465, n. 22; p. 475, n. 20. **Wills,** 40 Cyc., p. 1241, n. 22.

Appeal from Jackson Circuit Court.—*Hon. Willard P. Hall,* Judge.

Affirmed.

*Henry A. Bundschu, Leon M. Bailey, Charles M. Blackmar* and *A. R. Russell* for appellants.

(1) The kindred of the first husband of the testatrix had an interest in the probate of the will and were proper parties to contest the same. Secs. 525, 305, 7055, R. S. 1919; Garrett v. Wiltse, 252 Mo. 699, 161 S. W. 694; Haniphan v. Long, 70 Mo. App. 351; State ex rel. v. McQuillin, 246 Mo. 517, 534; Bassil v. Loffer, 38 Iowa, 452; Sparks v. Bodensich, 72 Kan. 5; Vidal v. Girard's Executors, 2 How. 127, 11 Law Ed. 205. (2) This action was commenced within the time contemplated by the statute. Secs. 1274, 3980, R. S. 1919; Lilly v. Tobbein, 103 Mo. 477; Eulinberg v. Life Ins. Co., 261 S. W. 725; Pickel Stone Co. v. McClinton, 177 Mo. App. 494; Baker Manufacturing Co. v. Hide Co., 242 S. W. 134; Orchard v. Store Co., 197 S. W. 42; Turner v. Noble, 211 Mo. App. 656, 249 S. W. 103. The defendants have waived any right to have their demurrer sustained on the ground that the action is barred by the Statute of Limitations, by permitting without objections, an amendment allowing Herbert T. Chase and Florence T. Chase to be made new and additional parties plaintiff. Sec. 525, R. S. 1919; Merriman v. Springfield, 142 Mo. App. 506, 127 S. W. 122.

*Theodore Remley, E. J. Curtin, Lee C. Hull* and *C. W. German* for respondent.

(1.) The demurrer was properly sustained. Secs. 305, 7055, R. S. 1919; State ex rel. v. Hostetter, 137 Mo. 636; Farmers Bank v. Harrison, 57 Mo. 503; In re Koehler, 174 Mo. App. 297; Secs. 320, 3720, 7054, 7056, R. S. 1919; Buckhorn v. Greenwood, 208 S. W. 59; O'Brien v. Ash, 169 Mo. 283; State ex rel. v. Guinotte, 275 Mo. 298; Magoun v. Bank, 170 U. S. 283; Watson v. Alderson, 146 Mo. 333; Braeuel v. Reuther, 270 Mo. 603; State ex rel. v. McQuillin. 246 Mo. 674; Hays v. Hogan, 273 Mo. 25. (2) The amendment being made more than a year after the probate of the will cannot serve to bring the Chase heirs properly into the suit. Sec. 1274, R. S. 1919; Lilly v. Tobbein, 103 Mo. 477; Walker v. Railroad, 193 Mo. 453; Turner v. Noble, 249 S. W. 103; Burnham & Co. v. Tillery & Co., 85 Mo. App. 453; Union Pac. Railroad Co. v. Wyler, 158 U. S. 285; Bricken v. Cross, 163 Mo. 449; Buel v. Transfer Co., 45 Mo. 562; 2 Wood on Limitations (4 Ed.) p. 1533; Fields v. Maloney, 78 Mo. 172; Scoville v. Glasner, 79 Mo. 449. (3) The demurrer does not waive the question of limitation. 7 R. C. L. 1004; Ragan v. Railway, 111 Mo. 456; Patterson, Mo. Code Pl. (2 Ed.) 807; Crowley v. Sutton, 209 S. W. 902; Taber v. Mo. Pac. Ry. Co., 186 S. W.

688; Ford v. Dickinson, 217 S. W. 294; Stone v. Perkins, 217 Mo. 586.

ATWOOD, J.—This case comes to the writer on reassignment. It is a suit to set aside the will of Annie Milne, deceased. Demurrer was sustained to plaintiff's second amended petition, and plaintiffs have appealed from the order of the court dismissing the petition and rendering judgment for costs in favor of defendants.

Annie Milne died in February, 1921, a resident of Jackson County, Missouri, and left a will bequeathing her estate, which consisted of personal property valued at more than $50,000, to respondent Charles C. Nelson as trustee, said will further providing that said trustee should pay all her just debts, including expenses incident to her last illness and interment and cost of a suitable monument, and should also pay the sum of $1200 to Euphemy M. Lamb, and that the said Charles C. Nelson should hold all the rest, residue and remainder of the property of said deceased "for his own use and behoof."

On January 18, 1922, Margaret E. Russell and others, constituting the heirs of A. H. Milne, predeceased husband of the said Annie Milne, filed a petition in the Circuit Court of Jackson County, Missouri, against Charles C. Nelson and Charles Henry Lamb, the latter having succeeded to the interest of Euphemy M. Lamb, for the purpose of contesting the validity of said will. Plaintiffs alleged in said petition that the said Annie Milne left surviving her no children or their descendants, no father, no mother, no brother and no sister, nor their descendants, and no husband, and no paternal or maternal kindred capable of inheriting, and that therefore, in accordance with the laws of descents and distributions, the whole of her estate should go to the kindred of A. H. Milne, the husband of said Annie Milne who had died prior to the death of his wife leaving as kindred the plaintiffs named in said petition, their relationship being fully set forth showing them to be his sole kindred and heirs. The petition also alleged that the purported will of the said Annie Milne, deceased, was not her last will and testament; that at the time of the execution of the same she was not of sound mind and memory but was mentally incapable of making a will or of disposing of her property; that the same was procured through the duress and undue influence of defendant Nelson; and was not executed in compliance with the formalities required by law.

Thereafter, on January 27, 1922, plaintiffs filed amended petition, to which defendants separately demurred on the ground that said amended petition on its face failed to state facts sufficient to constitute a cause of action against said defendants.

Thereafter, on June 22, 1923, plaintiffs by leave of court filed a second amended petition identical with the original petition except that it further alleged that after the death of the said A. H. Milne the said Annie Milne married one Erastus Chase, who also predeceased her, leaving Herbert T. Chase and Florence T. Chase as his sole surviving heirs at law, who were joined as plaintiffs therein; and that in accordance with the laws of descents and distributions the whole of said estate should go to the kindred of the deceased husbands of the said Annie Milne as specified in said second amended petition. The petition was further amended by interlineation on the fourth page thereof on October 25, 1923, by leave of court, as follows: "Said will was admitted to probate February 22, 1921."

Defendant Nelson filed special demurrer which was sustained. The grounds therein specified were that the petition on its face failed to state facts sufficient to constitute a cause of action against demurrant; that there was a misjoinder of parties plaintiff in that the petition on its face showed that the alleged heirs of A. H. Milne, the deceased's first husband, had no financial or other interest in the estate of testatrix; and that such interest, if any, of the heirs of deceased's second husband, were barred by Sections 525 and 527, Revised Statutes 1919.

Appellants' sole assignment of errors is that "the court erred in sustaining defendants' demurrer to plaintiff's second amended petition."

All parties apparently concede that the kindred of Erastus Chase, the last predeceased husband of the testatrix, who were the new parties plaintiff in the amended petition, had an interest in the probate of the will and, if not barred by the above statutes, were proper parties to institute and maintain suit to contest the will. Appellants further contend that the kindred of A. H. Milne, the first predeceased husband of testatrix, who were the only plaintiffs named in the original petition, also had an interest in the probate of the will and were proper parties to contest the same.

Section 525, Revised Statutes 1919, provides that any person who would contest a will must be "interested in the probate" of the will. We have also held that such person must have a direct financial interest which would be benefited by setting aside the will, and if the petition on its face shows that the plaintiff has no such interest the court has power to sustain a demurrer to the petition. [State ex rel. v. McQuillin, 246 Mo. 674, l. c. 693.] If the kindred of either of the predeceased husbands of the testatrix are thus interested it is because of Section 305, Revised Statutes 1919, which is as follows:

"If there be no children or their descendants, father, mother, brother nor sister, nor their descendants, husband or wife, nor any

paternal nor maternal kindred capable of inheriting, the whole shall go to the kindred of the wife or husband of the intestate, in the like course as if such wife or husband had survived the intestate, and then died entitled to the estate.''

Section 7055, Revised Statutes 1919, relating to the construction of statutes, provides: ''When any subject-matter, party or person is described or referred to by words importing the singular number . . . , several matters and persons . . . shall be deemed to be included.''

Appellants insist that this rule applies to Section 305. If so, the latter part of Section 305 should be construed as though it read as follows (supplied words in italics): ''the whole shall go to the kindred of the wife *or wives* or husband *or husbands* of the intestate, in the like course as if such wife *or wives* or husband *or husbands* had survived the intestate, and then died entitled to the estate.''

The application of Section 7055 is defined and limited by Section 7056, Revised Statutes 1919, relating to the same subject, which provides that the rule above prescribed in Section 7055 ''shall apply in all cases, unless it be otherwise specially provided, or unless there be something in the subject or context repugnant to such construction.'' As we read Section 305 the context is repugnant to any application of the above rule. The evident purpose of Section 305 is to provide a scheme for the devolution of property which would otherwise, under the conditions assumed to exist, escheat to the State. One of the assumed conditions is that ''there be no . . . husband or wife'' surviving the intestate. The rule contended for cannot apply to and pluralize this use of the words ''husband and wife'' for the reason that the surviving husband or wife inherits from the deceased spouse by virtue of the existence of the marriage relation at the time of the death of the intestate, and the policy of the law is such that there could not be more than one such person. Words importing the singular number were thus used with purpose and discrimination, and to read them otherwise would be repugnant to the context of this clause. Likewise, the latter part of the section providing that the estate of the intestate shall go to the kindred of the wife or husband of the intestate ''in the like course as if such wife or husband had survived the intestate, and then died entitled to the estate,'' hypothesizes a condition actually and legally possible. If, however, the rule above indicated in Section 7055 be invoked and the words ''wife'' and ''husband'' as last above used be pluralized, even in the alternative, an imaginary and legally impossible condition is hypothesized under which there is no scheme for the devolution of property provided by law, because the existence of only one surviving husband or wife is recognized in law. If the rule cannot be applied to pluralize the nouns ''wife'' and ''husband'' as last

used in the section, it cannot be applied to pluralize the same words as next above used, because the word *such* appearing in the clause last above quoted discloses that both uses relate and refer to the same person who in said clause is hypothetically spoken of as living in order to indicate the scheme by which his own surviving kindred would take title direct from the intestate under the circumstances specified. If the legislative intent was to create a class embracing the kindred of all predeceased wives or husbands the statute would in direct terms or by necessary implication have so provided. The context and the provisions of the section construed as a whole are repugnant to any application of the rule and point to the kindred of the husband or wife who last predeceased the intestate as the persons entitled to the estate. It follows that on the face of the second amended petition the kindred of A. H. Milne, the husband who first predeceased testatrix, never were "interested in the probate" of the will of Annie Milne, deceased, within the meaning of Section 525, Revised Statutes 1919, hence could not maintain suit to contest the same, and obviously the second amended petition failed to state a cause of action as to them.

Appellants, however, challenge the propriety of sustaining the special demurrer, and contend that although the kindred of the first husband, A. H. Milne, deceased, had no interest in the estate, and the kindred of the second husband, Erastus Chase, were first joined as parties plaintiff in the second amended petition filed June 22, 1923, more than one year after the probate of the will, nevertheless, the second amended petition relates back to the date of the filing of the original petition and the right of the kindred of Erastus Chase to contest the will is not barred by the provisions of Sections 525 and 527, Revised Statutes 1919, pleaded in said demurrer, to the effect that will contests must be commenced within one year after the date of the probate or rejection thereof. Even this theory of the pleadings, however, will not save the kindred of the first husband against the special demurrer filed, because the same pleading that brings the kindred of the second husband for the first time into the case plainly shows that the kindred of the first husband have no cause of action, and hence the demurrer was properly sustained as to the latter.

Not only do all of the plaintiffs named in the original petition go out of the case under the allegations of the second amended petition demurred to, but these same allegations disclose that none of the original plaintiffs ever had any interest in or right to maintain the cause of action sought to be stated in the original petition. They were utter strangers not only to any cause of action stated or sought to be stated in any of the pleadings, but to the kindred of the last predeceased husband who appeared for the first time as parties to the

suit in the second amended petition. As support for their position appellants cite the liberal provisions of Sections 1274 and 1275, Revised Statutes 1919, that "the court may, at any time before final judgment, in furtherance of justice, and on such terms as may be proper, amend any record, pleading, process, entry, return or other proceedings, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not change substantially the claim ·or defense, by conforming the pleading or proceeding to the facts proved;" or by ordering in other necessary parties. But in considering the court's ruling on the special demurrer to plaintiffs' second amended petition we are only concerned with the sufficiency of the amended petition in the face of the demurrer, and not with the propriety of the court's action in permitting the amendment. The mere exercise of statutory power to make or permit an amendment argues nothing as to the legal sufficiency or effect of the amendment when made. . The second amended petition is sufficient as to the kindred of the last predeceased husband, Erastus Chase, if it relates back to the date of the filing of the original petition; otherwise not. As said in 21 Ruling Case Law, page 588, citing Lilly v. Tobbein, 103 Mo. 477, "It is obvious that the question whether the amendment, when made, relates back to the commencement of the suit so as to prevent a bar is a different one from the right to make the amendment." So, the precise question here presented is whether or not the second amended petition relates back to the date of the filing of the original petition, notwithstanding the above Sections 525 and 527 limiting the time within which will contests may be commenced.

The general rule is that an amendment introducing a new cause of action barred by limitation is ineffectual to avoid the statutory bar. [21 R. C. L. p. 586.] It is also said in 17 Ruling Case Law, page 816: "The doctrine of relation back of amendments to the commencement of a suit is a fiction of law, and should never be applied when it will operate to cut off a substantial right or defense to new matter introduced by the amendment to the complaint, though con· nected with the original cause of action." The second amended petition in this case contained, in effect, a confession that none of the plaintiffs named in the original petition ever had any interest in the cause of action there or thereafter stated, an affirmance of said cause of action first, last and always, in the plaintiffs thus brought in by amendment after said Statutes of Limitation had run, and effected a complete substitution of parties plaintiff, the kindred of Erastus Chase for the kindred of A. H. Milne. The second amended petition having thus in effect stated the A. H. Milne kindred at any and all times strangers to, without any interest in and incapable of main-

taining the cause of action or will contest, it follows that in contemplation of law no will contest was commenced until the second amended petition was filed, because a corollary of the rule that a new cause of action barred by limitation may not be introduced by the addition of parties plaintiff, is that if the original plaintiff has no cause of action he cannot by an amendment adding parties plaintiff show a good cause of action. [Ann. Cas. 1916C, 600, and cases there cited.]

This is not a case where the original plaintiffs first defectively stated their cause of action, and subsequently sought to state it properly by amendment bringing in additional parties plaintiff. It is one in which the original plaintiffs never had any such cause of action, could never have successfully maintained the same on the facts pleaded in the second amended petition, and on the facts so pleaded passed entirely out of the case. The instant case and those cited by appellants are clearly distinguishable. In Lilly v. Tobbein, 103 Mo. 477, l. c. 491, the suit was "from first to last" prosecuted in the interest of the same church. In Eulinberg v. Quick Payment Old Line Life Ins. Co., 261 S. W. 725, the same person was by amendment permitted to prosecute her cause of action in a different capacity. In Pickel Stone Co. v. Surety Co., 177 Mo. App. 494, l. c. 501, suit was permitted to proceed in name of the real party in interest who "was a party to the record from the beginning," when it appeared that the nominal plaintiff had no standing in court. In Baker Mfg. Co. v. Oklahoma Hide Co., 242 S. W. 134, amendment was permitted to correct typographical error in corporate name of plaintiff conforming pleading to proof, but not involving Statute of Limitations or otherwise substantially changing the claim or defense. In Turner v. Noble, 211 Mo. App. 656, suit was apparently commenced by the Acme Cooperage Company and prosecuted by amendment in the name of one Turner who claimed by assignment. In Orchard v. Wright-Dalton-Bell-Anchor Store Co., 197 S. W. 42, the amended petition simply brought in additional plaintiffs who in common with the original plaintiffs were interested in the controversy. It is true, as appellants suggest, that in this and other cases we have recognized the propriety of adding new plaintiffs to the same cause of action to save the running of limitations, and if, as appellants have already contended, the A. H. Milne and Erastus Chase kindred enjoyed a community of interest in the estate of the deceased, it would necessarily follow that the original plaintiffs had and stated a good cause of action, and their commencement of the will contest before limitation had run would have inured to the benefit of all others ultimately made parties notwithstanding some of them were not joined as parties plaintiff until after the period of limitation had expired. This because the interest of the parties is joint and inseparable, and

a will contest being a proceeding *in rem* the court cannot take jurisdiction of the subject-matter by fractions. [Bradford v. Andrews, 20 Ohio St. 208; 15 A. & E. Ann. Cas. 663; Floyd v. Floyd, 90 Ind. 130.] However, having held that the Milne and Chase kindred had no such community of interest, and it further appearing that the former were always utter strangers to the latter and to the cause of action stated, we conclude and hold that the second amended petition did not relate back to the date of the filing of the original petition; and the Chase kindred were barred by the Statutes of Limitations from contesting the will.

Appellants finally insist that defendants by permitting, without objection, an amendment making the Chase kindred parties plaintiff waived any right to have their demurrer sustained. The record does not disclose that defendants were given opportunity to object by service of timely and definite notice when plaintiffs would apply to the court for permission to file their second amended petition. It further appears that the special demurrer was filed and argued and the cause submitted without objection thereto on the part of plaintiffs. On this state of the record appellants, if for no other reason, are in no position to urge that defendants waived any right to have their demurrer sustained.

The judgment is affirmed. All concur, except *Gantt, J.*, not sitting.