[Civ. No. 10407. First Appellate District, Division One.—May 19, 1937.]

In the Matter of the Estate of BLANCHE JOHNSON BUTZOW, Deceased. KATE G. BURTNETTE, Appellant, v. A. DONHAM OWEN, as Executor, etc., et al., Respondents.

John Carfraie, Walter H. Linforth and William M. Cannon for Appellant.

Charles S. Wheeler and Charles S. Wheeler, Jr., for Respondent.

THE COURT.—Appeal from a final judgment entered against appellant Kate G. Burtnette following an order sustaining demurrers to, and dismissing, her petition in intervention, and an order striking out her answer to a contest filed by Elizabeth A. Ennis, of the alleged will of the decedent above named.

The will was admitted to probate on December 31, 1934, and the Ennis contest was filed March 11, 1935, within the six months' period specified in the statute. (Probate Code, sec. 380.) Appellant obtained leave of the court and her pleadings were filed on August 8, 1935, over seven months after the probate of the will.

Contestant Ennis alleged herself to be decedent's cousin and sole heir at law; that the purported will was not executed by decedent, and facts which, if true, would establish that the formalities necessary to constitute the same a valid will were not complied with; further, that decedent was not at the time of sound and disposing mind and that the alleged execution of the document was procured by undue influence. Appellant, by her petition or complaint, sought to join in the contest. She also alleged substantially the same grounds of contest as those contained in the Ennis pleading. As grounds for her right to join in the contest she alleged herself to be decedent's cousin, next of kin and sole heir at law. Substantially the same allegations were contained in her answer to the Ennis pleading. The executor of the purported will and one Alice Seckels, named as a legatee and devisee therein, moved to strike appellant's answer on the ground that the same was sham and irrelevant; they also filed separate demurrers to her petition in intervention on general grounds, and pleaded further that the several grounds of contest therein were barred by the provisions of sections 380 and 381 of the Probate Code. As stated, the trial court granted the motions and sustained the demurrers.

The question does not appear to have been decided in this state; and it appears from decisions from other jurisdictions that a contest filed within the statutory time enures to the benefit of an interested party who intervenes after the statutory period, and that the statute of limitations is not a defense to such a petition. (*Maurer* v. *Miller*, 77 Kan. 92 [93 Pac. 596, 127 Am. St. Rep. 408, 15 Ann. Cas. 663]; *Weichold* v. *Day*, 118 Kan. 598 [236 Pac. 649].) To the same effect is *Bradford* v. *Andrews*, 20 Ohio St. 208 [5 Am. Rep. 645]. See, also, *McArther* v. *Allen*, 3 Fed. 313. In Illinois, however, the contrary was held. (*Brownlie* v. *Brownlie*, 357 Ill. 117 [191 N. E. 268, 93 A. L. R. 1041].) As between the two lines of decisions we prefer to follow what seems to be the more liberal rule declared by the Kansas and Ohio courts.

In *Russell* v. *Nelson*, 317 Mo. 148 [295 S. W. 118], relied upon by respondents, the contestants, as shown by their petition, were not, under the Missouri statute, persons interested in the probate of the will; and it was held that they could not state a cause of action by an amendment adding

parties plaintiff who were interested, nor would such an amendment prevent the bar of the statute of limitations.

In any case, one who institutes such a proceeding or attempts to join therein must be a person interested (Probate Code, sec. 380; *Estate of Land,* 166 Cal. 538 [137 Pac. 246]); and the court before proceeding with the trial may require a contestant to establish the fact. (*Estate of Land, supra; Estate of Wickersham,* 153 Cal. 603 [96 Pac. 311].) But, as a matter of pleading, it is only necessary that it be alleged that such person is an heir at law of the decedent. (*Estate of Benton,* 131 Cal. 472 [63 Pac. 775].)

As stated, appellant, in addition to averments of her own interest in the estate (which under the decisions cited were sufficient), alleged herself to be the sole heir of the decedent. Respondents contend that, regardless of what might hereafter appear with respect to the status of contestant Ennis, appellant by this averment necessarily brought herself within the bar of the statute of limitations, and that the demurrers on this ground were properly sustained.

The allegation was equivalent to a denial that Elizabeth A. Ennis, who made a like averment herself, was the sole heir, and was an unnecessary part of the statement of her cause of action. While the fact when determined may affect her right to maintain the contest, at this stage of the proceeding it presented no material issue. (*Berg* v. *Johnson,* 139 Ark. 243 [213 S. W. 393, 8 A. L. R. 489]; *Tew* v. *Wolfsohn,* 174 N. Y. 272 [66 N. E. 934]; *Arrison* v. *Supreme Council,* 129 Iowa, 303 [105 N. W. 580].) Being surplusage, she was not thereby estopped (49 Cor. Jur., Pleading, sec. 125, p. 126; *Holtry* v. *Foley,* 43 Neb. 133 [61 N. W. 120]); and in deciding the question of the sufficiency of the pleading the allegation, considered as an evidentiary fact, must be disregarded. (*Jones* v. *City of Petaluma,* 36 Cal. 230.)

Appellant also contends that section 384 of the Probate Code, properly construed, enlarges the right given by section 380. We think, however, that the two sections must be read together, and that the right claimed depends upon the provisions of the latter section.

Nothing material appeared in appellant's answer which was not contained in her petition or complaint, and the order striking the former, if erroneous, was not prejudicial.

The judgment, therefore, in so far as it involved this order, should be affirmed. However, as to the demurrers to the complaint or petition, we think the same should have been overruled, and that upon the filing of respondents' answers thereto the question whether contestants are interested persons should first be determined.

The judgment is reversed.