269 P.2d 1049

In re HOWARD'S ESTATE.

NATIONAL TRUST CO., Ltd., et al.

v.

DUYS et al.

No. 7970.

Supreme Court of Utah.

April 29, 1954.

---

1. Geyser Min. Co. v. Bank of Salt Lake, 16 Utah 163, 51 P. 151, 152.

John D. Rice, James E. Faust, J. Lambert Gibson, Cleon B. Feight, Salt Lake City, H. F. Lazier, Hamilton, Ont., for appellants.

Romney & Boyer, Fabian, Clendenin, Moffat & Mabey, Gustin, Richards &

Mattsson, Fred H. Evans, Dey, Hoppaugh, Mark, Johnson & Gilmour, Salt Lake City, for respondents.

WADE, Justice.

This is an intermediate appeal from an order denying the appellants National Trust Company, Ltd., as administrator with the Will Annexed of the Estate of Robert Bown Ferrie, deceased, and Colina Ferrie, the right to intervene in a will contest in the estate of Florence P. Howard, deceased.

Florence P. Howard, a resident of Salt Lake City, Utah, died in Montreal, Canada, on January 28, 1952. On May 14, 1952, four holographic instruments were admitted to probate as her last will and testament and the Walker Bank and Trust Co. was appointed executor of her estate. On November 12, 1952, and within six months after admission of the instruments to probate as the last will of decedent, Helen Duys, Ernest F. Howard and Ethel Forrest, who were legatees, filed a contest of the admission to probate of the 1939 and 1940 instruments as being part of the last will and testament of decedent on the ground that they were revoked by the later instruments. Thereafter in December other legatees filed answers to the contest, each contending for a construction which would admit to probate only those instruments as decedent's will which would be most favorable to such answering beneficiary. Among such answers was one

filed by Hilda, Mildred and Roger Black and Rachel Heaps on December 6, 1952, wherein it was alleged that the holographic instrument dated January 14, 1952, and which was the last instrument made by decedent, alone represented the last will and testament of decedent.

Robert Bown Ferrie who survived decedent and of whose estate the National Trust Company, Ltd., is administrator with the will annexed and Colina Ferrie, appellants herein, were not named by decedent as beneficiaries in any of her holographic instruments, but are heirs at law of decedent and would have an interest in her estate if she died intestate as to all or part of her estate. The appellants received no actual notice of the probate proceedings before the instruments were admitted to probate as the last will of decedent but Colina Ferrie was given notice of the admission to probate of these documents on September 3, 1952, more than two months prior to the expiration of the six months period after the will was admitted to probate, upon the petition of the Walker Bank and Trust Co. for an order, which was granted, that such notice be given to additionally discovered heirs. No such notice was given to the National Trust Company, Ltd., as administrator of Robert Bown Ferrie's estate. On January 14, 1953, more than six months after the will was admitted to probate appellants filed a motion asking leave of the court to intervene in the Will contest and to file an

answer and cross-complaint. On January 16, 1953, they filed an answer to the petition of the Walker Bank and Trust Co. filed November 20, 1952, to construe the will. In this answer the appellants attacked the jurisdiction of the court to probate the instruments on the ground that proper notice had not been given to them and also alleging that the instruments were not the will of decedent and that she died intestate, and further pleaded that if the court should find that she did not die intestate, then it should determine that the instrument dated January 14, 1952, was her last will and testament and that it did not dispose of her entire property. The court denied their petition to intervene as parties to the Will contest. The Will contest and the petition to construe the will were heard on January 19 and 20, 1953, at one proceeding. The court found that all of the four instruments were valid and constituted the last will and testament of decedent and should be administered as such except where they were irreconcilable as to particular bequests, then each were to be given effect insofar as possible.

Appellants contend that the court failed to obtain jurisdiction to probate the estate because the posting of notices of the petition for probate of the wills did not comply with statutory or constitutional requirements.

Notice of the Walker Bank and Trust Company's petition and supplemental petition for probate of the wills were given upon proper orders by posting in three public places in Salt Lake County and by mailing to the heirs, devisees and legatees listed by it in its petitions. At those times the Walker Bank and Trust Co. was not aware of any heirs not listed in its petitions, although it had made inquiry of the only living relative of decedent known to it, in an effort to ascertain information as to the existence of any such heirs.

Sec. 75-3-3, U.C.A.1953, Subsec. (3) provides that the petition for the probate of a will should show "The names, ages and residences of the heirs, legatees and devisees of the decedent, so far as known to the petitioner." Sec. 75-3-5 provides that the notice of the hearing of such petition "shall be given by publication or by posting as the court or clerk may direct and by the mailing of notices to the heirs, * * *." Sec. 75-14-1 provides for the time and manner of giving notices when required by the probate code and states that it shall be the duty of the clerk "to mail copies of all notices in probate proceedings to the known heirs, devisees and legatees." Obviously the only heirs which the clerk could be expected to know in a petition to probate a will would be those named by the petitioner in such petition in conformance with the requirements of Sec. 75-3-3, Subsec. (3). As we have shown above the notices were mailed by the clerk to all the heirs, devisees and legatees known to

petitioner at the times of filing its petitions. There remains the question of whether there was a compliance with that portion of Sec. 75-3-5 which requires that the notices of the hearing must be given by either publication or by posting. In the instant case the method directed by the court was by posting. Sec. 75-14-9, provides that where "the court, judge or clerk may direct, that notice be given by posting, it shall be sufficient if the notice or order is posted in at least three public places in the county, one of which must be at the courthouse of the county, for the time required by law, or prescribed by the court, judge or clerk." The clerk posted one of the notices at the west entrance of the City and County Building in Salt Lake City, Utah, another on a public bulletin board located at the northeast corner of the intersection of 33rd South and State Streets and on the same corner of the intersection on which a church is located, in Salt Lake County, Utah, and the third notice in the Post Office in Murray, Salt Lake County, Utah. The clerk testified that for a period of at least 7 years it had been customary to post such notices at these places. As pointed out in In re Phillips' Estate, 86 Utah 358, on page 368, 44 P.2d 699, on page 703:

"* * * The paramount controlling principle which should guide the poster of the notices is that the two notices which are to be posted other than at the courthouse should be placed in the county at places most likely to reach parties interested. * * * There should be customary places at which all such notices should be posted, which places should be at conspicuously public points and not on the byways. * * *"

Thus the posting done by the clerk in this case was sufficient to comply with the statute and give the court jurisdiction. There was some evidence that the notices on the board located at the intersection of 33rd South and State Streets were posted on the side of the board facing automobile traffic and somewhat inconvenient for a pedestrian to see and that during the winter months some notices were splashed by rain and mud. A better practice would be to post the notices on the side more easily seen by pedestrians and less likely to be splashed by passing vehicles.

Did the court err in denying appellants' motion to intervene? Respondents concede appellants would have a right to intervene had their intervention been timely but contend that since more than six months had elapsed before they sought to file their answer and cross complaint, they were barred by the provisions of Sec. 75-3-12, U.C.A. 1953 which provides that a person may contest a will "or the probate thereof at any time within six months after the admission to probate, and not afterward". Respondents argue that even under the liberal rule of authorities cited by appellant, i.e., Voyce v. Superior Ct., 20 Cal.2d 479,

127 P.2d 536; In re Butzow's Estate, 21 Cal.App.2d 96, 68 P.2d 374; Weichold v. Day, 118 Kan. 598, 236 P. 649 and Maurer v. Miller, 77 Kan. 92, 93 P. 596, 8 A.L.R.2d 111, to the effect that appellants would have a right to intervene even after the limitation period if the issues were the same or there was a community of interest with contestants who had filed a contest within time, still appellants do not come within that rule because what they are attempting to do is contest the admission to probate of the 1949 and 1952 instruments, which are the very ones contestants wish upheld and to which instruments no contest within the six-month period had been filed by anyone. The attempted contest by the Blacks of the 1949 instrument in their answer was made after the six-month period had elapsed.

█ If respondents are correct in their contention that the only timely contest was their contest of the 1939 and 1940 instruments as being part of the will, then the court did not err in refusing intervention because if there was no contest of the 1949 and 1952 instruments their probate became final at the end of the six-month period and no one could contest their validity thereafter, the court losing jurisdiction to entertain such a contest after the limitation period prescribed in Sec. 75-3-12, U.C.A.1953. See Voght v. Hall, 203 Okl. 670, 225 P. 2d 822. Woodruff v. Norvill, 91 Ohio App. 251, 107 N.E.2d 911 and Weese v. Weese, 134 W.Va. 233, 58 S.E.2d 801 on the effect of a limitation period to contest a will.

█ Appellants contend, however, that the ultimate issue in the will contest is to whom shall all or part of the property of decedent be distributed and that therefore if they were allowed to intervene the issue would necessarily be the same and contestants' timely filing of the contest tolled the statute for all who could properly become parties. Appellants cite no authority and we have found none that the ultimate issue in a will contest is to whom shall the property be distributed. Appellants' contentions cannot be sustained because, (1) the ultimate issue in a will contest even under the common law is not to whom the property of decedent should be distributed, but is whether the instrument in question is the last will and testament of decedent. Page on Wills, Lifetime Ed. Sec. 637; and (2) contestants did not choose to contest the entire will but only the 1939 and 1940 instruments on the ground that those instruments were revoked by the later two instruments. The issue before the court therefore was: Did the later wills revoke the earlier ones? Those were the only defects set up in the pleadings affecting the validity of the will, which were timely filed. While there is some authority to the effect that partial invalidity will affect the probate of the entire will, see McCarthy v. Fidelity National Bank, 325 Mo. 727, 30 S.W.2d 19, 69 A.L.R. 1122, the weight of authority is that partial invalidity need not affect the

entire will. See Annotation commencing on page 1129 of 69 A.L.R. As stated by Page on Wills, Lifetime Ed. Sec. 608, page 151:

> "A proceeding to contest a will need not relate to the whole will. It may relate to a part of the will."

See also Hogarth-Swann v. Weed, 274 Mass. 125, 174 N.E. 314. Contestants chose only to contest part of the will admitted to probate. As further stated in Page on Wills, Lifetime Ed. Sec. 669, page 272:

> "A will which is presented for probate may be valid in part and invalid in part; and the invalid provisions may be severable from the valid provisions. In a case like this, the invalidity of part of the will does not prevent the probate of, at least, the valid part of the will; and it is error to exclude the whole will from probate because of such partial invalidity."

██ Having limited the issue to the invalidity of part of the will and no one having timely contested the other parts which were easily severable from the parts contested, the probate of the later instruments became final at the expiration of the six-month period and the court did not err in refusing to allow appellants to intervene on the ground stated in their cross-complaint which was an attempt to contest the admission to probate of at least one of the later instruments.

Affirmed. Costs to respondents.

CROCKETT and HENRIOD, JJ., concur.

McDONOUGH, Chief Justice (concurring).

I concur, but would like to emphasize the facts upon which this decision rests.

Among the cases cited by appellants for the liberal rule for intervention in a will contest, none represents a situation questioning the validity of several documents as the last will of the decedent, as here. However, in each of those cases the intervenor adhered to the same grounds of contest as contestants filing pleadings before the time limitation had run.

In the case of In re Butzow's Estate, 21 Cal.App.2d 96, 68 P.2d 374, the right of the intervenor to enter the contest was not hampered by allegations which were, in effect, an attempted answer to the averments of the original contestant; the court held that such allegations, considered as evidentiary fact, must be disregarded in determining the sufficiency of the pleading. Inasmuch as the petitioner alleged sub-

stantially the same grounds for contesting the will, her intervention was allowed. Applying this rule to the present case, it would be possible for the intervenors to enter to contest the 1939 and 1940 instruments, disregarding the remainder of the pleading for this purpose. However, assuming that the intervenors were successful in the contest, the intervention would be devoid of benefits to them if they were unable to question the validity of the 1949 instrument which contained a residuary clause not naming them as heirs. Contestants sought to uphold the 1949 instrument as the will and the 1952 instrument as a codicil to that will; their grounds of contest concerned only the 1939 and 1940 instruments. Therefore the 1949 and 1952 documents were admitted to probate without timely contest and the only issue before the court at the time of the attempted intervention was whether the earlier instruments were revoked by the later instruments.

To allow intervention to contest all of the instruments, including the ones admitted without contest, would be to disregard the statutory time limitation.

WORTHEN, J., does not participate herein.