3 Utah 2d 76 (1955)
278 P.2d 622
IN RE HOWARD'S ESTATE.
IN THE MATTER OF THE ESTATE OF FLORENCE P. HOWARD, DECEASED, HELEN DUYS, ETHEL FORREST AND ERNEST P. HOWARD, CONTESTANTS AND APPELLANTS,
v.
NATIONAL TRUST COMPANY, LTD., ADM'R WITH THE WILL ANNEXED, ETC. ET AL., RESPONDENTS AND CROSS APPELLANTS, THE PROTESTANT BOARD OF SCHOOL COMMISSIONERS ET AL., RESPONDENTS.
Nos. 8019 and 8021.
Supreme Court of Utah.
January 6, 1955.
Romney & Boyer, Gustin, Richards & Mattsson, and Fred H. Evans, Dey, Hoppaugh, Mark, Johnson & Gilmour, Fabian, Clendenin, Moffatt & Mabey, Salt Lake City, for appellants.
John D. Rice, James E. Faust, J. Lambert Gibson, Cleon B. Feight, Salt Lake City, H.F. Lazier, Ontario, Canada, for respondents.
WADE, Justice.
On November 12, 1952, Helen Duys, Ernest P. Howard and Ethel Forrest, contestant-appellants herein and legatees in the will of Florence P. Howard, deceased, filed a contest of the 1939 and 1940 holographic instruments which were admitted with the 1949 and 1952 holographic writings as all being the last will and testament of said Florence P. Howard. The National Trust Company, Ltd., as administrator with the will annexed of the Estate of Robert Bown Ferrie, deceased, and Colina Ferrie, the appellants herein, desired to intervene and contest the admission to probate of all of these instruments as the last will and testament of Florence P. Howard. However, having failed to file their petition for intervention within six months after probate of these instruments as her last will, the probate court refused to allow their intervention.
This Court on an intermediate appeal affirmed the court's action in this respect, holding that since the timely contestants had limited the contest to the validity of the 1939 and 1940 instruments as being part of the last will and testament of said Florence P. Howard and did not contest the validity of the 1949 and 1952 instruments, under the limitations period prescribed in Sec. 75-3-12, U.C.A. 1953, the probate of those instruments became final at the expiration of the six months' period and no contest could thereafter be brought as to their validity because the court lost jurisdiction to entertain any such contest under the provisions of the above cited statute. See same case, 2 Utah 2d 112, 269 P.2d 1049. In the meantime the probate court found against contestants-appellants on their contention that the 1949 and 1952 instruments revoked the 1939 and 1940 instruments, and on the executor's petition for construction of the will admitted to probate it found that all the four instruments "constitute and are the last will and testament of the said decedent, all subject to probate as such, except in-so-far as they are irreconcilable as to any particular bequests, and said instruments dated February 6, 1939, and June 3, 1940, were not revoked or superseded by the instrument dated May 7, 1949."
In case No. 8019, appellants appealed from this decision, and thereafter contestant-appellants in case No. 8021 also appealed from this order, and appellants cross-appealed. The two cases were consolidated for briefing and hearing in this court.
Did the court err in admitting to probate the 1939 and 1940 instruments as part of the last will of decedent? There being no timely contest of the 1949 and 1952 instruments, their admission to probate is final. Having become final they are subject only to construction as to the effect of their dispositive clauses in later proceedings, such, for example, where questions of distribution are presented. So there can be no question of whether the 1952 instrument revoked the 1949 instrument. See In re Salmonski's Estate, 38 Cal.2d 199, 238 P.2d 966, and In re Parsons' Estate, 196 Cal. 294, 237 P. 744, for able discussions of this problem of the finality of an admission to probate of a will from which order there has been no appeal or which was not timely contested.
There being no express revocation of any of the instruments, if the 1949 and 1952 instruments revoked the 1939 and 1940 instruments, it must be because the later "contains provisions wholly inconsistent with the terms of the former." To this effect see Sec. 74-1-22, U.C.A. 1953, which reads:
"A prior will is not revoked by a subsequent will, unless the latter contains an express revocation or provisions wholly inconsistent with the terms of the former will; but in other cases the prior will remains effectual so far as consistent with the provisions of the subsequent will."
In her 1939 will, Testatrix declared it to be her last will, nominated the Royal Trust Co., Montreal, with Ernest F. Howard, as executors, should she be domiciled in Canada at the time of her death, and if she were domiciled in the United States, then she appointed the Guaranty Trust Co. of New York her executor. She then stated where she was to be buried if she died in Canada and where if she died in the United States. Thereafter she made bequests to numerous individuals and the Protestant Board of School Commissioners and McGill University, which bequests were to be tax free. After these bequests and the expenses of her estate had been paid, she bequeathed the residue to other individuals. The 1940 instrument was appended to the 1939 will. It did not state it was her last will and clearly is a codicil. It bequeathed certain of her personal property to individuals named in the 1939 instrument and thus modified that instrument as to the particular articles mentioned. It also bequeathed a small island in Canada not mentioned in the 1939 instrument. The 1949 instrument again declared it to be the last will of Testatrix and this time the Walker Bank and Trust Co. of Salt Lake City was named as executor, with the Royal Trust Co. of Montreal, Canada as executor for administration of her estate in Canada. She reiterated where she was to be buried, depending upon whether she died in Canada or the United States. She then listed what her safety deposit boxes contained and stated where her personal properties were stored and located. Then followed bequests to the same two institutions mentioned in the 1939 will, and to individuals, some of whom were legatees in the 1939 instrument and some of whom were not mentioned therein. She also devised and bequeathed some of her personal property to different individuals than those named in the 1940 instrument for the particular articles, and also again bequeathed the island in Canada to the same individual. She then bequeathed the residue in different proportions to most of the same individuals mentioned as residuary legatees in the 1939 will. Shortly after she wrote and signed the 1949 instrument she added, by inserting therein, the following paragraph: "Sept. 14th, 1949: On Sept. 7th, 1949, Mrs. Mildred M.C. Black died,  I wish the bequest to her ($2000.00) to be equally divided between her daughters Mildred, and Hilda,  F.P. Howard." The $2,000 bequest referred to above was contained in the 1939 instrument and not in the 1949 instrument in which Mrs. Mildred M.C. Black was not even mentioned. The 1952 instrument again stated it was her last will, reappointed the same executors as the 1949 instrument and contained the same instructions as to burial, but named only a few legatees for various amounts and again changed some of the individuals who were to receive particular articles of personal property. This instrument provided also that: "If after taxes, & estate expenses are paid, there is a surplus of over $50,000, I wish the above cash (tax free) bequests to be doubled-including $50,000.00 to Rosamond Lamb, Montreal."
Contestant-appellants contend that the 1939 and 1940 instruments were impliedly revoked by the later instruments because those instruments disposed of decedent's entire estate and were therefore "a new and complete disposition of her entire estate" and "wholly inconsistent" with those prior wills. In support of this contention is cited In re Love's Estate, 75 Utah 342, 285 P. 299; In re Benson's Estate, 62 Cal. App.2d 866, 145 P.2d 668, and other cases to like effect. We have no disagreement with the principles laid out in those cases. However, in the instant case it is not clear that the 1949 and 1952 instruments dispose of decedent's entire estate. She left an estate of approximately one-half million dollars in value. The cash bequests of Testatrix are comparatively modest and even under the general rule of construction as pointed out in the Annotation in 51 A.L.R. 682 that "if legacies to the same individual are given by different instruments, the second gift is to be treated as additional to the first, in the absence of anything signifying a different intention;" there would be sufficient to pay all legacies, and probably after the legacies and estate taxes and expenses were paid there would be a greater surplus than $50,000 and the bequests in the 1952 instrument could be doubled as well as pay the $50,000 to a named beneficiary and there might even be a residue. In any event, the residuary provisions were only to take effect in case there was a residue after bequests and expenses were paid. Under such a state of facts it is reasonable to conclude that Testatrix did not dispose or intend to dispose of her entire estate in her later wills. Credence that such was not her intent is lent weight by the fact that she inserted in her 1949 instrument a provision that a bequest in her 1939 will to a beneficiary who had since died should be paid to certain of said beneficiary's children instead. Had it been the intent of Testatrix that her later wills revoke her earlier wills, it is reasonable to believe she would not have again disposed of that particular beneficiary's share, especially since she had remembered these same children in bequests in the 1939 and 1949 wills as individuals and not as the children of the deceased beneficiary and to which beneficiary she left no additional bequest in the 1949 will.
The fact that testatrix described her 1939, 1949 and 1952 instruments each as being her last will does not raise a presumption of revocation by implication. See Annotation 51 A.L.R. 679, 681. Whether a later will impliedly revokes an earlier will depends upon the intent of the testator to be gleaned from the instruments. Sec. 74-2-2, U.C.A. 1953 provides that: "In case of uncertainty arising upon the face of the will as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations" and Sec. 74-2-4 provides that several testamentary instruments executed by a testator are to be construed together as one instrument, and Sec. 74-2-5 then provides that: "All the parts of a will are to be construed in relation to each other, and, if possible, so as to form one consistent whole; but where several parts are absolutely irreconcilable, the later must prevail." Our statutory rules of construction of wills in these regards are in harmony with general rules of construction of the effect of a later will which is not wholly inconsistent with an earlier will which has not been expressly revoked. See Annotation in 51 A.L.R. page 663, wherein it is said:
"The rule has been thus stated: The mere fact that a testator has executed a testamentary paper of a later date does not invalidate an earlier disposition, for the question is always one of intention, to be collected from the language of the posterior instrument; if there appears any inconsistency between the two papers, this is a certain indication of the testator's intention, and the latter must prevail, and revokes the former to the extent to which it is inconsistent with it. The governing principle is the intention of the testator; it does not necessarily follow from the fact of the new will that full and entire revocation is intended, for the purpose may be to make supplemental provisions consistent with the former will, in whole or in part; to dispose of other property; or to amend and alter prior dispositions only. And so complete revocation by implication will not follow unless the general tenor of the later will shows clearly that the testator so intended, or the instruments are so plainly inconsistent as to be incapable of standing together. * * *"
See also Annotation 123 A.L.R. 1399.
At the time of the death of Testatrix all four instruments were found together. There is no language in the later instruments which shows a clear intent on the part of the decedent to revoke the earlier wills, and since under the facts of this case it can reasonably be found that the later instruments did not dispose of the entire estate, and are not wholly inconsistent with each other the court did not err in admitting all the instruments as the last will and testament of the testatrix and in construing all to be effective insofar as their dispositions are consistent with each other, and where they are inconsistent that the later dispositions revoke the earlier.
Affirmed. Costs to respondents.
McDONOUGH, C.J., and CROCKETT, HENRIOD and WORTHEN, JJ., concur.