**In the Matter of the ESTATE of George R. POWELL, Deceased,**

v.

**LaMar P. WEST, Appellant.**

No. 16877.

Supreme Court of Utah.

Feb. 6, 1981.

Hugh W. Colton, Vernal, for appellant.

John L. Valentine, Provo, for respondent.

CROFT, District Judge:

This case involves an appeal from a judgment entered in the District Court by Judge Robert Bullock interpreting prior court rulings and directing the manner in which the estate is to be distributed to heirs and devisees.

The appellant is LaMar Powell (Nerden) West, a daughter of the decedent, hereinafter "Lamar." Respondents on the appeal are the Central Bank and Trust Company, administrator of the estate with the will annexed, and the three children of Florence Eunice Powell, a daughter-in-law of decedent, who filed an amicus curiae brief. Probate of the estate began in July, 1974, and its involved and multi-sided proceedings since that date, culminated in the decisions of three District Court Judges, which converge into the judgment from which this appeal is taken. A summary of facts and the pertinent decisions follow.

The decedent, George R. Powell, age 87, died on June 10, 1974 in Vernal, Uintah County, Utah, leaving as survivors his wife, Mary Powell, now deceased, two sons, Owen Powell and Juel Ferrin Powell, and two daughters, Vonda Powell McCarter and LaMar Powell West. Owen had married Florence Eunice Powell, had three children as issue of that marriage, but was divorced from her at the time of the execution of the decedent's will probated in this case. Decedent was also survived by a half-brother, Owen A. Powell, whose wife was Florence A. Powell. A controversy between the two Florences later developed, the decision in which is relevant to the issues raised in this appeal.

Prior to 1974 decedent and his wife moved to Utah and took up residence in Utah County where Mrs. Powell was placed in a rest home. Decedent had a mobile home and other personal property located in Utah County, but prior to his death decedent had gone to Vernal, Utah, to negotiate some business transactions and while in Vernal decedent resided at the home of his half-brother and sister-in-law, Owen A. and Florence A. Powell. In Vernal contact was made with an attorney who drafted a will for decedent which was executed by him on June 3, 1974, while he was a patient in the Vernal hospital. As noted, he thereafter died on June 10, 1974.

Following the death of decedent, LaMar filed a petition for probate of that will in the District Court in and for Utah County, under case number 17578, reciting that the will had been filed with the Uintah County Clerk. Controversy immediately started when Florence A. Powell contested the petition, asserting that Uintah County was decedent's place of residence. That controversy was resolved after hearing by Judge George Ballif, who ruled on September 11, 1974, that Utah County was decedent's residence and that upon proper proof the will would be admitted to probate.

Proof of the will was made before Judge Bullock and an order admitting the will to probate was entered on October 21, 1974, and letters testamentary were issued to La-

Mar as the named executrix in the will. No appeal from that order was ever taken.

That will devised only $1.00 to the wife, Mary, reciting that decedent had otherwise provided for her; devised only $1.00 each to the daughter, Vonda, and the son, Juel, reciting that decedent did so because of loans he had advanced to them which they had not repaid; and then devised all the rest of his estate:

> "... in equal shares to my son, Owen Powell, my daughter LaMar Powell Nerden, and my daughter-in-law, Florence Powell."

The phrase "my daughter-in-law, Florence Powell" appears in the will in two other places, both in connection with naming her as executrix if LaMar were unable to serve.[1]

On November 21, 1975, LaMar filed a petition for permission to resign as such executrix and requested that Central Bank and Trust Company be appointed in her stead. Written consents thereto were filed by Vonda, Owen, Juel and the daughter-in-law, Florence Eunice Powell. On February 18, 1976, an order was entered appointing that bank as administrator with the will annexed.

Among the assets of the estate were two time certificates of deposit issued by the Bank of American Fork in the names of decedent and LaMar, one for $50,000 and one for $20,000. At the time of decedent's death these two certificates were in a safety deposit box in a bank in Vernal, Utah, the key to which was in the possession of Florence A. Powell who claimed she was entitled to them.

To contest this claim LaMar filed an action against Florence A. Powell in the District Court for Uintah County under case number 7416, in which case Central Bank as administrator subsequently intervened. The pleadings filed in 7416 are not included as a part of the record before this Court, but insofar as the record discloses that the sole thrust of that lawsuit was for LaMar to recover from Florence A. Powell as her personal property the two certificates of deposit claimed by Florence. Intervention by the administrator was made to assert the estate's claim thereto.

None of the pleadings in 7416 related to the validity of the will or of the probate proceedings. It is also apparent that neither Owen, Juel, Vonda nor Florence Eunice Powell (or her three children) were parties in 7416 and were not represented by counsel at any of the proceedings. Case 7416 came on for jury trial before Judge David Sam in Uintah County in January, 1977. After two days of trial, counsel for the three parties advised the court that they had reached a settlement, subject to court approval, which was stipulated in the record. Based thereon, findings, conclusions and a decree were drafted, approved by the three attorneys and signed by Judge Sam on February 3, 1977. It is noted that the attorney appearing for Florence A. Powell was the attorney who prepared and witnessed the execution of the will of June 3, 1974. Present in the courtroom at the time the stipulation was made were LaMar, Florence A. Powell and Owen Powell, son of decedent and one of the named beneficiaries. After the stipulation was stated in the record, the court asked Owen Powell if he had heard and understood the stipulation. Owen replied that he did and he was then asked by the Court:

> "And you agree to be bound by its terms, is that correct?"

To which Owen Powell replied:

> "Yes, sir."

At that time counsel for the administrator assured the court that he would attempt to get agreements from the other parties having an interest in the will to the stipulation so made. There is nothing in the record before this Court to show that such agreements were ever obtained.

The findings so entered in 7416 included findings to the effect that all parties agreed that the evidence indicated George R. Powell was of unsound mind from January 1,

---

1. The record on appeal contains a similar will dated August 14, 1970, which left his estate to LaMar and only $1.00 to Vonda, Owen and Juel.

1973, to the date of his death and was probably legally incompetent prior to January 1, 1973; that independent of such stipulation by the parties the court found decedent was 87 years of age and for at least 18 months prior had been vulnerable to the importunings and influence of close family members and was easily influenced and susceptible to suggestions and impressions; that decedent made gifts to LaMar and Florence A. Powell during 1973 and 1974 and did so by reason of undue influence; that no showing was made that decedent intended a joint tenancy by putting LaMar's name on certificates of deposit, "the subject of this lawsuit" but had done so as a matter of convenience, and that no gift was intended for Florence A. Powell; and that as part of the stipulation it was agreed that the court could take judicial notice of probate case 17578 and that the court could make orders pertaining to that probate consistent with the stipulation. The court did so and found that the will of "June 4, 1974" was a product of undue influence, that decedent did not intend the testamentary distribution therein provided, and that the court found the will to contain many errors of material fact such as the improper designation of Florence Powell as daughter-in-law when in fact she was a "step-sister-in-law," a designation of "Joel" as son when in fact the son was "Juel," and by implying there was real estate from which decedent's wife could satisfy a statutory privilege when there was no such real estate and when the wife was incompetent and could not make an election outside of the will; that the will was executed under circumstances of duress and undue influence by reason of the fact that the will was executed while decedent was in the hospital suffering from final illness and senility and when he had neither competence nor the ability to instruct the lawyer concerning disposition "which is clearly reflected in the language of the will"; and that by reason thereof the will was in fact void and a "fraud upon the court" and should be vacated and the administrator instructed to probate and distribute the estate as if the decedent had died intestate with the excep-

tion that each of the children of decedent should receive 22½% of the distributive estate and Florence A. Powell should receive 10% thereof.

The findings further recited that all heirs should surrender to the estate assets valued over $100 received by each during a three year period before the death of decedent. It was further stated that the stipulation was conditioned upon obtaining from the court a determination by litigation or otherwise that Florence Eunice Powell of Montana was and is not the Florence Powell named as executor and heir in the will "which is at issue before the court in Uintah County," but that if Florence Eunice Powell of Montana shall establish that she is the heir, the stipulation in so far as it applies to Florence Powell of Vernal shall fail.

The conclusions recited that the administrator was entitled to a judgment declaring the estate to be the sole owner of two certificates of deposit totaling $70,000 and was entitled to have an order entered in the probate file in accord with the findings stated. Judgment to that effect was entered in 7416 on February 3, 1977.

On that same date Judge Sam signed an order in the probate case reciting that he had sat in case 7416 in Uintah County and incorporated his findings and conclusions in 7416 in this order and stated therein that on the basis of the evidence he had determined that the will "dated June 4, 1974" and admitted to probate October 24, 1974, was executed in error, was not the last will and testament of decedent and as submitted constituted a "fraud upon the court," and that, sua sponte, he set aside said will, declared it to be null and void and directed the administrator to proceed with the probate of the estate as if the decedent died intestate. This order, too, was approved as to form by the three attorneys of record in 7416.

It is apparent from the record that further proceedings in 7416 were had before Judge Sam on July 22, 1977, in which he entered an order dated August 3, 1977, ruling that the housecar and boat were to be

held in trust by LaMar for the estate; that the $20,000 then involved in still another case (numbered 42908) were to be paid to the administrator; and that he made no ruling as to whether LaMar had a right to appeal from the judgment entered in 7416 on February 3, 1977.

Meanwhile, the administrator had filed a petition on August 11, 1976, in the probate case to determine heirship, reciting that Florence A. Powell of Vernal and Florence Eunice Powell of Laurel, Montana, both claimed to be the Florence Powell named in the will. Also, on August 18, 1976, LaMar filed a petition for settlement of her account as executrix and for discharge to which the bank as administrator and Florence A. Powell both filed objections. The controversy between the two Florence Powells was finally resolved after a hearing on February 22, 1979, before Judge George Ballif who ruled that the will was not ambiguous and that Florence Eunice Powell, daughter-in-law of the decedent, was the heir and devisee named as Florence Powell in the will. An order to that effect was entered on March 12, 1979, which also decreed that the three children of Florence Eunice Powell qualified as assignees of their mother's interest in the estate "pursuant to the will of decedent."

Faced with the two rulings of Judge Sam and Judge Ballif, the one that the will was null and void and the other that the three said children qualified as assignees of their mother's interest pursuant to that will, the administrator on May 21, 1979, filed a Motion for Declaratory Relief seeking instruction and direction from the court in order to carry out its duty as administrator, submitting a proposed distribution of one-sixth to each of LaMar, Vonda, Juel and Owen and one-ninth to each of the three children of Owen and Florence Eunice Powell. At a hearing thereon on June 8, 1979, counsel for LaMar asked leave to withdraw and the hearing on the motion was continued.

On June 29, 1979, LaMar's present counsel filed a protest to the motion for declaratory relief objecting to the proposed distribution, asserting that she did not understand the stipulation read into the record in Uintah County Case 7416, although that record shows otherwise; that the provisions of a written stipulation were not as she understood or agreed; that she did not agree that Florence Powell was to get 10% but only that the will was invalid and that the estate was to go to the mother and children; that case 42908 in the Fourth District Court was still pending for determination as to whom the money involved therein belonged; and that the order be followed declaring the will void.

A reply to these objections was filed asserting LaMar had agreed to the settlement in 7416 and a transcript of the proceedings in that case held in Uintah County on January 28, 1977, was filed in support of that assertion. The reply further stated that an order of Judge Sam in 7416 entered on August 3, 1977, disposed of the controversy in 42908 by directing the money therein involved be deposited with the probate court in Utah County.

A hearing on the motion for declaratory relief was held before Judge Robert Bullock on July 13, 1979, with the administrator, LaMar, Florence Eunice Powell and her three assignees being represented by counsel and with the record showing that counsel for Florence A. Powell had telephonically advised the court he had no objection to the motion. At this hearing a trial date was set for September 26, 1979, with the only issue to be tried being the validity of the stipulation agreed to by LaMar and whether the order of Judge Sam had been in conformity with that stipulation.

After trial Judge Bullock entered a memorandum decision on October 9, 1979, in which he ruled that the findings and conclusions entered by Judge Sam in 7416 were res judicata; that the evidence was insufficient to require an order setting aside that stipulation and those findings and conclusions; that Judge Sam's order was res judicata on the ownership of a boat and motor home; and that the protest should be dismissed and the motion for declaratory relief be granted.

Findings, conclusions and an order and decree were entered by Judge Bullock on November 1, 1979, by which he concluded and so ruled that the findings, conclusions and judgment entered by Judge Sam in 7416 were res judicata as to all parties *who were before the court at that time*; that the ruling of Judge Sam was also res judicata as to the dispute in 42908; that LaMar owed the estate $9,454.27 and the boat and housecar; that Florence A. Powell by the decision in 7416 (and Judge Ballif's ruling that followed) forfeited any and all interest in the estate except as to personal property awarded to her under that decision; and that the estate should be distributed one-sixth to each of Owen, Juel, Vonda and LaMar and one-ninth to each of Florence Eunice Powell's three children as assignees. A motion to amend the findings and conclusions filed by LaMar was denied by Judge Bullock on January 2, 1980, the written order on which was signed on January 24, 1980, and this appeal from Judge Bullock's ruling followed.

The designation of the record on appeal stated the record on appeal on which appellant would rely was "the entire file and pleadings herein." It does not appear that the transcript of the proceedings before Judge Bullock on September 26, 1979, on which his findings and conclusions were based, was ever ordered or made a part of the record on appeal.

Technically speaking, the appeal is from Judge Bullock's ruling denying the motion to amend the findings and conclusions, but appellant's brief states that the relief sought on appeal is for this Court to remand the case to the lower court with instructions to the administrator to begin the probate proceedings anew, where all the various issues may be determined by "one court," or that the case be remanded with instructions that the will was determined void and that the beneficiaries named therein are not entitled to any of the estate and for distribution to be made to the heirs as if there were no will. This brief cites no authority, either case law or statutory law, in support of appellant's contentions.

In support of the lower court's ruling the administrator as a respondent states that it is a stake holder faced with conflicting court orders and that declaratory judgment procedure is the proper way to resolve such conflicts where appeal periods have passed; that the validity of the will should not have been raised because the court lacked "jurisdiction to entertain such a contest"; that appellant's argument in her brief spends considerable time discussing her testimony when no transcript of proceedings in the trial court was made a part of the record on appeal; and that as to appellant her stipulation and the trial court's ruling thereon was res judicata as to her.

The amicus curiae brief of the children of Florence Eunice Powell seeks to have this court affirm the trial court's judgment and decree of distribution, contending in support thereof that the District Court of Uintah County in 7416 was without jurisdiction to declare the will null and void; that appellant was bound by her stipulation in 7416; and that the trial court's ruling that one-third of the estate should go to the children of Florence Eunice Powell under the will was correct.

Appellant's suggestion that this Court should cast aside over six years of litigation and start the probate proceedings anew is not persuasive. Such suggestion is, in effect, nothing more than a belated appeal from all prior court rulings from which no appeal was ever taken.

The cornerstone of the alleged confusion arises out of the rulings of Judge Sam in case 7416 where he declares, "sua sponte," the will of June 3, 1974 to be invalid and void as to all parties concerned, followed by subsequent court rulings that appear to hold Judge Sam's ruling is res judicata as to the parties before his court but not as to those devisees under the will not before his court whose rights under the will are recognized as valid in those subsequent rulings.

Two main issues appear to us to be involved in this appeal, one being the validity of Judge Sam's ruling regarding the will and the other being the binding effect of appellant's stipulation as to distribution of the estate.

As noted in the briefs of respondents, Section 75–3–12, U.C.A., 1953 as amended, in effect at the time the will of June 3, 1974 was admitted to probate, provides that any person may contest a will or the probate thereof at any time within six months after the admission to probate, "and not afterwards." With regard to this statute this Court twice in the case of *In re Howard's Estate*[2] ruled the uncontested probate of a will became final at the expiration of the six month period set forth in the statute and no contest could thereafter be brought as to its validity because the court "lost jurisdiction" to entertain any such contest.

From the record before this Court it is clear that Judge Sam's rulings in case 7416 of February 3, 1977, and August 3, 1977, were made in a court proceeding in which the validity of the will had not even been suggested in the pleadings before him. That case began in Uintah County by the appellant suing only Florence Powell to recover possession of assets of decedent which appellant was claiming in her own right and not as executrix of the estate. The Central Bank and Trust Co. intervened as the duly appointed administrator of the Powell estate to assert the estate's claim to those assets. Two persons determined to be devisees under the will, Owen Powell, a son, and Florence Powell, a daughter-in-law, were not parties to the proceedings in 7416, nor were the son Juel, the daughter Vonda, the wife Mary, nor the children of Florence Eunice Powell, assignees of her rights under the will.

Section 75–3–13 of our code provides that upon filing a petition for revocation, citation must issue to executors, to administrators with the will annexed, and to all legatees and devisees mentioned in the will, and others, requiring them to appear before the court on a date specified to show cause why *the probate of the will* should not be revoked. The requirements of this statute were completely ignored in the proceeding before Judge Sam by which the probate of the will was revoked.

In the proceedings before Judge Ballif involving the controversy over which of the two Florence Powells was the named devisee in the will, the authorities cited in the memorandum briefs of counsel and the ruling of Judge Ballif support the proposition that absent an ambiguity in the will, testimony could not be received as to the testator's intent. Yet the stipulation of counsel in 7416 was evidentiary in nature, such as that Florence A. Powell was the intended heir and not Florence Eunice Powell, that the testator did not intend to make the bequests set forth in the will and that the provisions of the will implied the existence of real estate when in fact there was none.

It seems further apparent that the attorneys stipulated various facts about the competency of the testator from which Judge Sam seemed compelled to rule, sua sponte, that a fraud had been perpetrated upon the court and that he should thus declare the will, and the probate thereof, to be void. If such ruling were valid, the estate would pass under the intestacy laws of the state, yet counsel stipulated, and the court so ruled, without the consent of some of those intestate heirs that Florence A. Powell, a sister-in-law, could share in the distribution of the estate if she could satisfy the court in another proceeding that she was the Florence Powell named in the will.

■ This court has ruled many times that this court can vacate an order, judgment or decree entered in the trial court when that court lacked jurisdiction to enter the same. We here determine that the ruling made in the proceedings in case 7416 that the will was void was beyond the jurisdiction of that court, both because of the provisions of Section 75–3–12, cited supra, and because the pleadings then before the court were totally void of any such issue and parties seriously affected by such ruling were not before the court.

■ However, our decision on that issue does not apply to other rulings made in 7416 in the stipulated settlement of issues by the

**2.** 2 Utah 2d 112, 269 P.2d 1049 (1954); 3 Utah 2d 76, 278 P.2d 622 (1955).

parties that were properly before the court. Thus, the ruling made pursuant to the stipulation that the time certificates of deposits and other property were assets of the estate is binding upon the parties to that stipulation. Under the will LaMar and Owen each got one-third of the estate. As noted supra, Owen, though not a party in 7416, was present before the court and stipulated in the record that he knew and understood the division of property stipulated by the parties thereto and agreed to be bound thereby. The effect of that agreement was that LaMar and Owen would share equally with Vonda and Juel their joint share of the estate. This these two devisees could do in settlement of the dispute over the ownership of estate assets. They could not, however, make any stipulation with respect to the remaining one-third interest in the estate that was bequeathed to Florence Eunice Powell in the will. The ruling of Judge Ballif eliminated Florence A. Powell from any share of the estate. Thus, Judge Bullock's ruling in dividing two-thirds of the estate equally between the four brothers and sisters was stipulated to by Lamar and Owen in the proceedings in 7416. His ruling that the remaining one-third of the estate was to be divided between the three children of Florence Eunice Powell was proper under the will. Owen does not join in this appeal.

There is nothing in the record before this Court from which we can examine appellant's contention that "conclusion 3" holding she owes the estate $9,454.27, in addition to the housecar and boat, should be stricken. Appellant's brief is silent on this issue and we thus affirm Judge Bullock's ruling relating thereto.

Among the matters ruled upon by Judge Sam in 7416 was that all heirs receiving any asset from decedent in excess of $100 during the three year period preceding his death should return the same to the administrator. That court had no jurisdiction over Vonda, Juel, Florence Eunice Powell or her children that could bind them to such ruling as they were not parties to that lawsuit and had no notice of any consideration of such matter in the probate case.

The District Court is directed to proceed with the probate of the estate in accordance with the rulings made herein.

HALL, STEWART and CROCKETT,* JJ., concur.

WILKINS, J., heard the arguments but resigned before the opinion was filed.

MAUGHAN, C. J., did not participate herein. CROFT, District Judge, sat.